☐ ORIGINAL

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

FILED
10 MAY 28 PM 4:25
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MURPHY,<br><br>Plaintiff,<br><br>vs.<br><br>FREDERICK J. HANNA & ASSOCIATES, P.C.,<br><br>Defendant. | Case No. '10 CV 1170 MMA AJB<br><br>COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d).

## III. PARTIES

3. Plaintiff, Michael Murphy ("Plaintiff"), is a natural person residing in San Diego county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Frederick J. Hanna & Associates, P.C. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant initially contacted Plaintiff in February, 2009, in an attempt to collect a debt that they alleged Plaintiff owed to Bank of America.

7. Plaintiff hired counsel to represent him in February, 2009, after being contacted by Defendant.

8. Plaintiff filed a lawsuit against Defendant for violations of the FDCPA and RFDCPA in April, 2009, after Plaintiff's initial letters to Defendant were ignored.

9. In May, 2009, Plaintiff and Defendant reached a settlement agreement and Plaintiff dismissed his lawsuit against Defendant with prejudice.

10. Defendant then contacted Plaintiff in November, 2009, in an attempt to collect a debt that Plaintiff allegedly owed to Chase.

11. Plaintiff requested his counsel contact Defendant in November, 2009, regarding the debt allegedly owed to Chase and Defendant's collection practices.

12. Plaintiff and Defendant reached a settlement agreement in January, 2010, regarding the debt allegedly owed to Chase and Defendant's collection practices.

13. Defendant began calling Plaintiff again in March, 2010, in attempt to collect a debt Plaintiff allegedly owed to Chase.

14. In March, 2010, after having settled two prior cases with Plaintiff, Defendant should have been aware that Plaintiff was represented by counsel.

15. On March 11, 2010, Plaintiff received two voicemails from Rosie, an employee of Defendant, and one voicemail from Ms. Archibald, an employee of Defendant. Neither employee stated where they were calling from or the reason for their calls. Further, Rosie did not leave her last name in the voicemail that she left for Plaintiff. Rosie's initial voicemail was left at 10:45 a.m. and her second voicemail was left only two minutes later at 10:47 a.m.

16. On March 15, 2010, Plaintiff received two more voicemails from Rosie. Again, Rosie did not state where she was calling from or the reason for her call. The voicemails were again left one right after the other, at 2:24 p.m. and at 2:25 p.m.

17. On March 17, 2010, Defendant called Plaintiff at 12:21 p.m. and at 12:23 p.m. Defendant did not leave a voicemail either time.

18. On March 18, 2010, Plaintiff received two more calls from Rosie. At 12:34 p.m. Rosie left a message for Plaintiff at work and at 12:36 p.m. Rosie left a voicemail for Plaintiff on his cell phone. Rosie had still not identified her last name, her reason for the call, or where she was calling from.

19. On March 23, 2010, Defendant called Plaintiff at 10:33 a.m. and at 10:35 a.m., but did not leave a voicemail either time. On March 25, 2010, Defendant also called Plaintiff, at 10:58 a.m. and did not leave a voicemail.

20. On March 31, 2010, Plaintiff attempted to call Rosie at the number and extension she had left for him on her repeated voicemails, in an attempt to find out the reason for her calls. Plaintiff was transferred by Linda, an employee of Defendant, to Ms. Archibald, another employee of Defendant, instead. Plaintiff verified his address and social security number with Ms. Archibald at her request. Plaintiff then asked Ms. Archibald the reason for the voicemails he had received from her and from Rosie. Ms. Archibald denied having called Plaintiff herself, but went on to say that Rosie had been calling Plaintiff regarding a Chase Visa credit card, as a courtesy to him to see if he wanted to clear the account before Defendant filed litigation against him. Plaintiff asked Ms. Archibald if Defendant had sent him a letter regarding the alleged debt. Ms. Archibald stated that the letter had been sent on March 6th, 2010, but as Plaintiff had not received said letter, he requested Ms. Archibald resend the letter to him for review and to call him back on Tuesday or Wednesday after he had received the letter. Ms. Archibald stated she would not send the letter to him via mail, but would fax him a letter and that the account was about to be recommended for litigation as it had been in Defendant's offer for almost thirty days. Ms. Archibald further stated that she was not going to go back and forth about the account, and Plaintiff could either tell her his intentions regarding the account or she would send it to litigation. When Plaintiff insisted on receiving a copy of the letter Defendant had

sent him regarding the account, Ms. Archibald engaged in a lengthy argument with him regarding the account and why she could not resend him the letter via mail, but that she would fax the letter to him. Ms. Archibald insisted on demanding to know Plaintiff's intentions on the account, despite the fact that Plaintiff at that point had not received any information regarding the account. Ms. Archibald finally hung up on Plaintiff.

21. On March 31, 2010, Defendant faxed a letter to Plaintiff wherein they stated the balance on a Chase Visa card allegedly owned by Plaintiff. Defendant did not provide any further information or the disclosures required by law. (See letter attached hereto as Exhibit "A").

22. Plaintiff attempted to reach Ms. Archibald again on April 1, 2010, and April 2, 2010. On April 2, 2010, Plaintiff first spoke to Ms. Archibald again re the letter she had stated she would fax to him on March 31, 2010. Plaintiff had a lengthy conversation with Ms. Archibald wherein he stated he did not receive the letter dated March 6, 2010, via fax as he had requested. Ms. Archibald eventually transferred Plaintiff to Jeff Chandler, her supervisor. Mr. Chandler advised Plaintiff that a letter had been mailed out to Plaintiff on March 31, 2010. Plaintiff attempted to confirm with Mr. Chandler that a letter had been sent to him on March 6th, 2010, as Ms. Archibald had previously stated. At that point, Mr. Chandler, told Plaintiff that there was a note on his file regarding his

representation by counsel. In that case, Defendant had been aware when they initially contacted Plaintiff that they should have been contacting Plaintiff's counsel.

23. Plaintiff counsel contacted Defendant prior to filing this lawsuit, in an attempt to resolve the issues. Defendant has thus far denied Plaintiff's claims.

24. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§1692c(a)(2);

   b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

   c) In connection with collection of a debt, using or threatening to use violence or other criminal means to harm the physical person, reputation, or property of Plaintiff (§1692d(1));

   d) In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§1692d(2));

   e) Falsely representing that an individual is an attorney (§1692e(3));

f) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

g) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken(§1692e(5));

h) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));

i) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff (§1692d(6)); and

j) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

25. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

27.    Plaintiff reincorporates by reference all of the preceding paragraphs.

28.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 24th day of May, 2010.

By: _____
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M.
FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# FREDERICK J. HANNA & ASSOCIATES, P.C.

## *Attorneys at Law*

FREDERICK J. HANNA
DENNIS E. HENRY
JAMES T. FREANEY
LOUIS R. FEINGOLD
MICHAEL S. PESKIN

1427 ROSWELL ROAD
MARIETTA, GA 30062

FAX:            (770) 980-0528
TOLL FREE:  (866) 949-6996

ROBERT A. WINTER
JOSEPH C. COOLING
SCOT D. GROGHAN
CLAYTON D. MOSLEY
S. LOUIS SCHIAPPA

March 31, 2010

MICHAEL A MURPHY
1220 BLUE SKY DR
CARDIFF BY THE SEA CA 92007

Re:   CHASE BANK USA, N.A.
       Reference: 4011350000344950
       Balance: $4,543.27
       File No: 10202905

Dear MICHAEL A MURPHY:

As per your request, we are providing you with this letter to advise you of the balance on the account referenced above.

The balance is $4,543.27 and as per our agreement, the balance is due in this office on APRIL 2, 2010.

Please contact this office with questions or concerns. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

William J. Lau
Director of Operations

HOURS OF OPERATION ARE: MONDAY-FRIDAY 8AM-9PM EST
AND SATURDAY 8AM-1PM EST

"THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

♦JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MICHAEL MURPHY | FREDERICK J. HANNA & ASSOCIATES, P.C. |

**(b)** County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415, Beverly Hills, CA 90211, (877) 206-4741

Attorneys (If Known)

'10 CV 1170   MMA AJB

FILED
10 MAY 28 PM 4:25

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
Violation of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 05/24/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 14052   AMOUNT $350 5/28/10 BH   APPLYING IFP   JUDGE   MAG. JUDGE

CR

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS014052
Cashier ID: bhartman
Transaction Date: 05/28/2010
Payer Name: TODD M FRIEDMAN LAW OFFICE
----------------------------------
CIVIL FILING FEE
 For: MURPHY V HANNA
 Case/Party: D-CAS-3-10-CV-001170-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 1995
 Amt Tendered:  $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00



There will be a fee of $45.00
charged for any returned check.
```